DICKINSON, Presiding Justice,
specially concurring:
¶26. Because I so strongly believe in the strict enforcement of the first two sections of our Constitution, and that this Court should faithfully apply the terms and provisions of constitutional legislation, I write separately to voice my disagreement with Justice Coleman’s view that today’s majority
“dislodge[s] settled rights and expectations” in place when the Legislature enacted Section 31-3-15 and results in the Court de facto substituting its own policy judgments for that of the Legislature and judicially abrogating much of the effect of Section 31-3-15.[4]
¶ 27. As it pertains to this case, Section 31-3-15 provides no more than that contracts “issued or awarded [without the required certificate of responsibility] shall be null and void.” No one suggests that Ground Control’s contract has survived. It is, indeed, null and void. But to suggest that Ground Control may not pursue an equitable remedy to recover the reasonable value — not the contract value — for the work already performed and materials already furnished, is to read something into the statute that is not there. The statute says nothing about whether remedies (other than contract remedies) may be available to the contractor. It says no more than that the contract is null and void.
¶28. Justice Coleman’s concern with quantum meruit lawsuits for illegal acts is understandable but misplaced. Comparing drug deals to construction contracts is unhelpful. The acts to be performed by drug dealers — selling illegal drugs — are, themselves, illegal, and neither the law nor equity provides a remedy for those illegal acts. But we have no criminal statutes that prohibit the installation of water and sewer lines. As stated above, Section 31-3-15 says nothing about making Ground Control’s work illegal; it simply voids its contract and deprives it of any contractual remedy.
¶ 29. Because Ground Control failed to obtain the required certificate, Section 31-3-15 deprives it of any claim under the provisions of the contract. But one cannot help but sense the gross inequity of allowing Capsco — who also was aware that Ground Control had no license — to be unjustly enriched from Ground Control’s work and pocket all the payments from the owner, including the portion intended for Ground Control’s labor and materials. It is true that the statute has voided the contract. But that, in my view, is why we *375 have equitable remedies like quantum me-ruit — to provide a remedy where equity demands it, and none exists under the law.
¶ 30. The doctrine of quantum meruit applies where there is no legal contract, and the person sought to be charged has received money which in good conscience and justice, should be paid to another person.[5] The only elements necessary to prevail under the quantum meruit doctrine are: (1) valuable services rendered and/or materials furnished; (2) for the person sought to be charged; (3) services and materials were accepted, used and enjoyed; (4) person sought to be charged knew or reasonably should have known the plaintiff expected to be paid. Because there is evidence sufficient to create a genuine question of material fact as to each of these elements, summary judgment was inappropriate,[6] so I fully concur with the majority.
WALLER, C.J., LAMAR, KITCHENS, CHANDLER AND KING, JJ„ JOIN THIS OPINION.

. Coleman, J., Concurring in Part, Dissenting in Part, ¶ 34.

. In re Estate of Fitzner, 881 So.2d 164 (Miss.2003); Dew v. Langford, 666 So.2d 739, 745 (Miss.1995).

. Miss. R. Civ. P. 56(c) (summary judgment appropriate where "there is no genuine issue as to any material fact.... ”).